# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID J. CLARK,

        Plaintiff,

v.                                                               Case No. 06-C-242

GREG SCHALLER and ABBAS ANGHA,

        Defendants.

## ORDER TO COMPEL DISCOVERY

        Plaintiff David J. Clark is civilly committed at Wisconsin Resource Center (WRC). He sued defendants Greg Schaller, a WRC Corrections Supervisor, and Abbas Angha, a WRC Psychiatric Care Supervisor, under 42 U.S.C. § 1983. Clark asserts that defendants, in their individual and official capacities and acting under color of state law, deprived him of his substantive due process rights by placing him in 72-hour reassignment status after an altercation with a fellow detainee, and thereby violated his Due Process rights under the Fourteenth Amendment. Clark has filed a motion to compel discovery of the defendants, which, for the reasons below, will be denied.

        Clark has proposed that the defendants' deposition be conducted before Kelly A. Behlman, a WRC Records Assistant who is authorized to administer oaths. Fed. R. Civ. P. 28(a) requires that within the United States, a deposition must be:

> taken before an officer authorized to administer oaths by the laws of the United States or of the place where the examination is held, or before a person appointed by the court in which the action is pending. A person so appointed has power to administer oaths and take testimony.

Fed. R. Civ. P. 28(a). On its face, the rule does not prevent a person such as Ms. Behlman from administering the oath to deponents.[1] However, depositions must be recorded, Fed. R. Civ. P. 30(b)(2), and typically that means either an audio(visual) recording, a stenographic recording, or both.[2] In Clark's motion to compel, he asks this court to provide him the means to record the depositions audiovisually and stenographically. This court declines to do so, for a plaintiff's *in forma pauperis* status does not entitle him to the government's assistance when he seeks to take depositions. *See, e.g., Beard v. Stephens*, 372 F.2d 685, 691 (5th Cir.1967) (allowing a plaintiff to proceed *in forma pauperis* does not impose any duty on a district court to appoint an officer of the court to take discovery depositions for such plaintiff). Absent audio(visual) recording, then, Clark must provide a court reporter or other competent stenographer. *See Michels v. Ripley*, 1 F.R.D. 332, 332 (D.C.N.Y. 1939); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2115, at 119 (2d ed. 1994). Clark has made no showing that Ms. Behlman is either a court reporter or a competent stenographer. Although Ms. Behlman appears qualified to administer the oath, she does not qualify as a person who may record the deposition stenographically.

---

[1] However, the Advisory Committee Notes to the 1946 Amendments indicate that the person giving the oath under Rule 28(a) was envisioned as the same person who would take testimony. "The added language [in subdivision (a) dealing with a court appointee] provides for the situation, occasionally arising, when depositions must be taken in an isolated place where there is no one readily available who has the power to administer oaths *and* take testimony according to the terms of the rule as originally stated." Fed. R. Civ. P. 28 advisory committee notes (emphasis added).

[2] Fed. R. Civ. P. 30(b)(2) does not exhaust the permissible means of recording a deposition, but it does specifically allow for "sound, sound-and-visual, or stenographic means." It is not clear what additional means are envisioned by the rule, for the means chosen must be capable of recording the deposition accurately and in real time.

2

Furthermore, although a civilly committed (or incarcerated) plaintiff proceeding *pro se* does have the right to take discovery, that right does not necessarily include conducting oral depositions of the holding institution's officials if compelling reasons weigh against allowing such depositions and if the plaintiff can obtain the necessary information by written discovery. Allowing *pro se* civil detainee (or prisoner) plaintiffs to depose the holding institution's officials as a matter of course would, in all likelihood, significantly disrupt the administration of these facilities, given the high number of suits such plaintiffs typically file. This prudential consideration weighs against Clark, and he has made no showing that the information he seeks is not discoverable by other means.

The above grounds are sufficient to decide Clark's motion in defendants' favor. I therefore need not address the contested issue of whether Ms. Behlman's involvement would present a conflict of interest on account of the fact that she and defendants are co-workers at WRC.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel discovery is **DENIED.**

Dated this   10th   day of October, 2006.

s/ William C. Griesbach<br>
WILLIAM C. GRIESBACH<br>
United States District Judge